UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SONY BMG MUSIC ENTERTAINMENT, )
et al., )
 )
        Plaintiffs, )
 )
  vs. )     No. 4:08-CV-338 (CEJ)
 )
CAROL ELIZABETH BRAUN AKA )
CAROL E. KRAMER AKA BETH )
BRAUN, )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiffs' first amended complaint for failure to state a cause of action upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiffs have responded, and the issues are fully briefed.[1]

**I.**   **Background**

Plaintiffs are copyright owners or licensees of exclusive rights with respect to certain copyrighted sound recordings. (Doc. #9, at 3). Defendant is an individual, who resided in St. Peters, Missouri, at the time the alleged infringement occurred. Id. at 2.

In their first amended complaint, plaintiffs allege that, on May 1, 2007 at 12:15:35 EDT, they identified an individual at Internet Protocol (IP) address 24.216.126.32, using a peer-to-peer

---

    [1] Defendant filed no reply to plaintiffs' response to support her motion to dismiss.

(P2P) network[2] to distribute 669 audio files over the Internet. (Doc. #9, at 4). Plaintiffs allege that defendant:

> [W]ithout the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. . . . Through Defendant's continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.[3]

Id. Attached to plaintiffs' first amended complaint is Exhibit A, which lists ten copyrighted sound recordings that defendant allegedly downloaded. (Doc. #9-2).

In their prayer for relief, plaintiffs request the Court grant an injunction that provides:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs). . . . including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or <u>to make any of Plaintiffs' Recordings available for distribution</u> to the public . . . .

---

[2] "P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network." (Doc. #9, at 3).

[3] Plaintiffs define Copyright Recordings as "certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A . . . ." Id.

-2-

(Doc. #9, at 5-6) (emphasis added).

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**III. Discussion**

    **A.    Sufficiency of Plaintiffs' First Amended Complaint**

Under the Federal Rules of Civil Procedure, a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002), citing Swierkiewicz, 534 U.S. 506. To establish a claim for copyright infringement, plaintiffs must establish (1)that they own valid copyrights and (2) that defendant copied constituent elements of plaintiffs' work that are original. Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340 (1991).

Defendant argues that the complaint should be dismissed because plaintiffs have not sufficiently identified each audio file for which they claim copyright infringement. Defendant notes that plaintiffs allege that she distributed 669 audio files over the Internet. Defendant also notes that Exhibit A, the song list appended to plaintiffs' complaint, only identifies ten audio files. Therefore, defendant claims that plaintiffs failed to provide her with sufficient notice of the copyright infringement claim.

In response, plaintiffs states that their complaint complies with the liberal notice pleading requirements of Rule 8, Fed.R.Civ.P. As discussed above, plaintiffs alleged that defendant distributed 669 audio files and that no ambiguity exists as to the potential scope of defendant's liability. Moreover, plaintiffs assert that any confusion, as to the specific sound recordings at issue, can be resolved during discovery.

Although plaintiffs have not identified every sound recording that defendant allegedly distributed over the Internet, plaintiffs' partial song list provides defendant with fair notice of the copyright infringement claim against her. See Arista Records LLC v. Greubel, 453 F.Supp.2d 961, 965-66 (N.D. Tex. 2006) (holding partial song list provided defendant with sufficient notice of plaintiff's claim for copyright infringement); Interscope Records v. Duty, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *2 (D. Ariz. April 14, 2006)(same). Plaintiffs allege copyright ownership in the ten sound recordings listed in Exhibit A. Plaintiffs allege that defendant downloaded and distributed the copyrighted material without their consent or permission. Moreover, in Exhibit A, plaintiffs identify a specific date, time, place, IP address, P2P network, and the number of audio files defendant allegedly distributed. The Court finds that plaintiffs have complied with the liberal requirements of Rule 8(a), Fed.R.Civ.P., and agrees with plaintiffs that any confusion as to the specific sound recordings at issue can be obtained through discovery.

**B. Plaintiffs' "Making Available" Claim**

Defendant also moves to dismiss plaintiffs' complaint on the ground that plaintiffs failed to state a claim for copyright infringement by alleging that defendant made available plaintiffs' copyrighted materials over the Internet, rather than alleging her actual dissemination of the copyrighted materials. Defendant cites Nat'l Car Rental Sys., Inc. v. Computer Associates Int'l, Inc., 91 F.2d 426, 434 (8th Cir. 1993), to support her contention that "[a]ctual dissemination must occur in order to infringe [plaintiffs'] distribution right under the Copyright Act." (Doc. #14, at 3). Plaintiffs argue that, because they allege that defendant actually distributed and downloaded their copyrighted material, the Court need not address defendant's "making available" argument.

The sole mention of the defendant making available plaintiffs' copyrighted material is contained in the prayer for relief. (Doc. #9, at 6). Specifically, the prayer asks the Court to enjoin defendant from "using the Internet or any online media distribution system . . . to make any of Plaintiffs' Recordings available for distribution to the public . . . ." Id. at 5-6. A plaintiff's prayer for relief is not an allegation and "is no[t] part of the plaintiff's cause of action." City of Los Angeles v. Lyons, 461 U.S. 95, 130 (1983). Nowhere in the complaint do the plaintiffs assert any allegation about the defendant "making available" plaintiffs' copyrighted material over the Internet. Instead, plaintiffs repeatedly allege that defendant "without the permission or consent of Plaintiffs, downloaded and/or distributed the

-6-

Copyrighted Recordings." (Doc. #9, at 4). Therefore, defendant's assertion that "[p]laintiffs appear to be alleging a cause of action for *making available* copyrighted material over the Internet" is without merit. (Doc. #14, at 3) (emphasis in original). The plaintiffs were not required to allege that the defendant disseminated the copyrighted materials in order to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiffs' first amended complaint [Doc. #13] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2008.